UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELMIS ADALID MONTOYA-CRUZ,

                                        Petitioner,

                                                          9:18-CV-1410
              -v-                                         (DNH/CFH)

THOMAS FEELEY, Field Office Director, Buffalo
Field Office, U.S. Immigration & Customs
Enforcement; CRAIG D. APPLE, SR., Sheriff,
Albany County Correctional Facility; KIRSTJEN
M. NIELSEN, Secretary, U.S. Department of
Homeland Security; and MATTHEW G.
WHITAKER, Acting Attorney General, U.S.
Department of Justice,

                                        Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

PRISONERS' LEGAL SERVICES -            JOSEPH MORAVEC, ESQ.
    ALBANY OFFICE
Attorneys for Petitioner
41 State Street, M112
Albany, NY 12207

HON. GRANT C. JAQUITH                  THOMAS SPINA JR., ESQ.
United States Attorney for the         Ass't United States Attorney
    Northern District of New York
Attorney for Respondents
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207


DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Elmis Adalid Montoya-Cruz ("petitioner" or "Montoya-Cruz"), a native and citizen of Honduras, was detained pending potential removal pursuant to Title 8 of the United States Code, Section 1226(a).  He was detained following an individualized bond hearing during which he bore the burden[1] of proving that he was not a flight risk or a danger to the community.  The bond hearing was presided over by an Immigration Judge ("IJ").  Mr. Montoya-Cruz is currently pursuing an appeal of that decision, to the Board of Immigration Appeals ("BIA").  Petitioner, who appears to have no United States criminal history or any prior immigration encounters or history, has now been detained from on or about June 11, 2018, to the present day.

He brings the instant Petition pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his detention, and specifically, the requirement that he bear the burden of establishing his right to be released on bond.  He names as respondents Thomas Feeley, Field Office Director, Buffalo Field Office, U.S. Immigration and Customs Enforcement ("ICE"); Craig D. Apple, Sr., Sheriff, Albany County Correctional Facility; Kirstjen M. Nielsen, Secretary, U.S. Department of Homeland Security; and Matthew G. Whitaker, Acting Attorney General, U.S. Department of Justice.  The United States of America ("the Government") opposes the Petition.  Oral argument was heard on December 19, 2018, in Utica, New York.  Decision was reserved.

---

[1] Although the written decision from the bond hearing has not yet been issued, this can be presumed based upon arguments of counsel in this matter, common practice, and the statements of the attorney for the Government during the bond hearing.

## II. **BACKGROUND**

The relevant facts are largely undisputed.  Mr. Montoya-Cruz is a 31 year old native and citizen of Honduras.  He entered the United States by train, without inspection at the United States border with Mexico, on June 10, 2018.  He was apprehended by immigration authorities almost immediately.

On June 11, 2018, he was arrested by Border Patrol agents and charged with entering the United States illegally.[2]  Since that day, petitioner has remained in the custody of the respondents.  Also on or about June 11, 2018, he was served with a Notice and Order of Expedited Removal.[3]

Mr. Montoya-Cruz thereafter applied for asylum based upon alleged threats to his life which occurred in Honduras.  On August 22, 2018, he had his credible fear interview with an asylum officer from the Arlington Asylum Office of the U.S. Citizenship and Immigration Services.  The officer determined petitioner had a credible fear of persecution based on his political opinion, and that he did not appear to be subject to any bars to asylum.  The previous Notice and Order of Expedited Removal was then canceled as a result of Mr. Montoya-Cruz's asylum claim.

On August 24, 2018, the Department of Homeland Security issued a Notice to Appear charging that Mr. Montoya-Cruz was removable from the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who at the time of application for admission was not in

---

[2]  Petitioner ultimately pleaded guilty to illegal entry in violation of 8 U.S.C. § 1325, a misdemeanor, in the United States District Court, Western District of Texas, Del Rio Division.  On June 14, 2018, he was sentenced to a term of ten days with credit for time served.  He was then transferred to ICE custody pursuant to an ICE detainer.

[3]  Since he was arrested within 14 days of his entry into the United States and within 100 miles of the border, he was eligible for expedited removal.

possession of a valid immigrant visa, and 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled.  Mr. Montoya-Cruz was then transferred by ICE to the Albany County Jail in Albany, New York.

On October 16, 2018, Mr. Montoya-Cruz appeared via video along with his attorney, before Batavia IJ Philip Montante, for an initial master removal hearing.[4]  The matter is set to proceed to a full asylum merits hearing on January 3, 2019.

On October 30, 2018, Mr. Montoya-Cruz requested a bond hearing.  On November 1, 2018, IJ Montante held a bond hearing.  The bond hearing was recorded but not transcribed. IJ Montante issued a detailed oral decision, and a written order noting only that he denied a change in custody status (leaving the bond that U.S. Customs and Border Protection set, at no bond).  IJ Montante found that Mr. Montoya-Cruz was a flight risk but did not find that he was a danger to the community.

On November 9, 2018, Mr. Montoya-Cruz filed a notice of appeal with the BIA.  The BIA appeal, however, cannot proceed until such time as IJ Montante drafts a "bond memorandum," which explains in writing what he decided at the earlier bond hearing.  The bond memorandum has yet to be issued in this matter.  Once issued, the BIA will issue a briefing schedule for the attorneys and the appeal will proceed.  Petitioner's counsel has advised, based on anecdotal evidence, that the entire BIA bond appeal could take six to eight months to decide and there is no expedited review process available.

---

[4]  At Mr. Montoya-Cruz's attorney's request, the court adjourned the matter for attorney preparation to November 1, 2018 for a continued removal master hearing.  At the November 1, 2018 removal master hearing, the matter was set for a full asylum individual merits hearing on January 3, 2019 with a date for the asylum application of November 8, 2018.  Mr. Montoya-Cruz has since timely filed his full asylum application.

Mr. Montoya-Cruz now brings this habeas action pursuant to 28 U.S.C. § 2241 to challenge his ongoing detention.  He filed his Petition in the Northern District of New York, based on his detention at the Albany County Jail, in Albany, New York, located within this District.  On December 12, 2018, the undersigned ordered that a response to the Petition be filed by the Government by December 17, 2018, and set the matter for oral argument on December 19, 2018.

On December 13, 2018, ICE moved Mr. Montoya-Cruz, along with 39 other detainees, from the Albany County Jail to ICE's Buffalo Federal Detention Facility in Batavia, New York.  Petitioner's custodian at the Batavia detention facility is respondent Thomas Feeley.[5]

## III.  DISCUSSION

Mr. Montoya-Cruz asserts four claims for relief in his § 2241 Petition:  (1) an Immigration and Nationality Act ("INA") claim asserting that, requiring aliens to bear the burden of proof at 8 U.S.C. § 1226(a) bond hearings is contrary to statutory context and legislative history and therefore violates the INA; (2) a constitutional claim asserting that due process prohibits placing the burden of proof on aliens at § 1226(a) bond hearings; (3) an Administrative Procedure Act ("APA") claim asserting that BIA precedent requiring aliens to carry the burden of proof at § 1226(a) hearings is arbitrary and capricious; and (4) a due process claim asserting that even if the law placing the burden of proof on him is constitutional, IJ Montante still failed to provide him with a full and fair bond hearing by failing to consider all the evidence.

---

[5]  As Thomas Feeley is already named as a respondent, there is no need to amend the caption with that regard.  However, Craig D. Apple, Sr., Sheriff, Albany County Correctional Facility, will be dismissed from the case as he is no longer petitioner's custodian.

The Government opposes the Petition and argues:  (1) since Mr. Montoya-Cruz and his custodian are now both located in the Western District of New York ("W.D.N.Y."), this District may no longer be the appropriate venue; (2) Mr. Montoya-Cruz's challenges to his bond hearing are premature because he has not exhausted his administrative remedies; (3) to the extent challenged here, the court lacks jurisdiction to review the IJ's discretionary bond determination; and (4) neither the INA nor the Fifth Amendment require the Government to bear the burden at immigration bond hearings held pursuant to 8 U.S.C. § 1226(a).

Regarding venue, the federal habeas statute provides that the proper respondent in a habeas petition is "the name of the person who has custody over [the petitioner]."  28 U.S.C. § 2242.  The Supreme Court has noted that the custodian for purposes of this section is "the person with the ability to produce the prisoner's body before the habeas court."  Rumsfeld v. Padilla, 542 U.S. 435 (2004).  Here, the only person with the ability to produce Mr. Montoya-Cruz's body to court is an immigration official located in the W.D.N.Y.  Petitioner concedes this but urges that judicial economy and fairness support continued venue in this District.  Namely, that petitioner's bond hearing was conducted within this District by video and he was detained here at the time of filing his Petition.  Moreover, he argues the Government should not be able to avoid review of this issue by moving him to another district.  Finally, Mr. Montoya-Cruz contends he faces irreparable harm; the W.D.N.Y. might not hear the matter in time and/or may not be able to provide adequate relief.

While sympathetic of Mr. Montoya-Cruz's plight and difficulty in preparing for his upcoming asylum proceeding while detained, venue is simply no longer proper in this District.  There have been no allegations that the Government has surreptitiously moved petitioner to

avoid review nor that he has been repeatedly moved between multiple locations to shield judicial scrutiny of his bond hearing or otherwise.  Instead, the Government explained that Mr. Montoya-Cruz was initially detained in Albany County Jail due to overcrowding at the Batavia facility.  When beds become available in Batavia, detainees are often sent there, especially when they have an upcoming immigration proceeding which takes place within the confines of that detention center.

Specifically, the Government contends that on Mondays, Bataivia detainees get on flights to other areas of the United States to then be removed back to their home country.  This opens up bed space at the Batavia facility, which is later filled by Albany County Jail detainees, usually on Wednesdays for females and Thursday for males of that same week.  ICE moved Mr. Montoya-Cruz along with 39 other detainees from Albany to Batavia on Thursday, December 13, 2018.  There is no allegation of any improper motives by the Government in moving petitioner.

Accordingly, since the immigration official with the ability to produce Mr. Montoya-Cruz's body, and the petitioner himself, are now both located in the W.D.N.Y., venue now lies in that District.  This action will be transferred to the W.D.N.Y. for further proceedings.  In attempting to ensure Mr. Montoya-Cruz's due process rights are protected, IJ Montante is directed to file his written bond memorandum on or before January 10, 2019, so that the BIA may set a briefing schedule and petitioner may exhaust his available administrative remedies through his BIA appeal.

As the Petition will be transferred to the W.D.N.Y., there is no need to consider the merits.

- 7 -

## IV. <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1.  This action is transferred to the Western District of New York for further proceedings;

2.  The Clerk is directed to dismiss respondent Craig D. Apple, Sr., Sheriff, Albany County Correctional Facility; and

3.  Immigration Judge Philip Montante is directed to file his written bond memorandum on or before January 10, 2019.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  December 20, 2018
         Utica, New York.